NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ARRON WILLIAM CROOK, *Appellant.*

No. 1 CA-CR 16-0423
FILED 8-15-2017

Appeal from the Superior Court in Maricopa County
No. CR2013-443323-001 DT
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia A. Orozco[1] joined.

---

**C R U Z**, Judge:

**¶1**　　　　Appellant Arron William Crook appeals his conviction and sentence for manslaughter, a Class 2 felony. He asserts the State's alleged misstatements of the law during closing argument deprived him of a fair trial. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　After an altercation in which Crook fatally shot victim J.S., the State charged Crook with one count of second degree murder, a Class 1 dangerous felony. At trial, Crook requested jury instructions regarding self-defense, use of deadly force in self-defense, and use of force in crime prevention. The superior court included Crook's requested instructions.

**¶3**　　　　During closing argument, the State commented upon the instructions for self-defense and for use of physical force in self-defense. With regards to using physical force, the State commented that "[i]f shooting someone in the leg would stop them, you can't shoot them in the chest. You can't shoot them in the head. Only what is necessary." He later said in reference to Crook's lack of duty to retreat:

> [T]here's nothing in these instructions that merely says, 'if you don't want to fight, you get to shoot someone.' It does not say that anywhere. But for whatever reason—maybe he's a little cowardly—he didn't want to fight. He didn't want to get his clothes ruffled, didn't want to get a bloody lip. And so he keeps backing down.

**¶4**　　　　A short while later, he continued:

---

[1]　　　The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[Crook] could have done any number of things other than shoot him in the chest. He could have run. Did he have to? No. But he could have run. He could have fired a warning shot, could have yelled for help. How about help? 'Somebody help me. Help, help, help.' . . . Could have fired a warning shot, could have shot him in the leg. But, no. He shoots him and kills him. Because of that, he's guilty of second-degree murder.

¶5 Crook responded by saying, "Now, does a person who is being pursued and attacked have to wait to defend themselves until they're actually hurt? That's not the law." The State rebutted:

He did not have to kill him. There were so many other options. You were told 'well, he can't drop the gun.' He could have thrown it. How about dropping the magazine? How about giving it to [Crook's friend]? How about firing it in the air? How about firing all the rounds up in the air or into the ground so that there's no more bullets left, and it can't be used? How about just continuing to point it at him and yelling, 'help, help' until police come? How about shooting it towards the ground?

¶6 The jury was unable to agree to a second-degree murder conviction but found Crook guilty of the lesser included offense of manslaughter. It also found the State proved the aggravating factors of dangerousness and causing emotional or financial harm to the immediate family of the victim, J.S. The superior court sentenced Crook to the presumptive term of 10.5 years' imprisonment and credited him 998 days of presentence incarceration. Crook moved for a new trial, asserting the State misstated the law during closing argument by suggesting Crook could fire the gun into the air,[2] but the court denied his motion.

---

[2] With limited exceptions, a criminally-negligent discharge of a firearm within or into the limits of any municipality constitutes a Class 6 felony. Ariz. Rev. Stat. § 13-3107(A).

¶7          Crook timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[3]

## DISCUSSION

I.     Standard of Review

¶8          Crook asserts the State engaged in misconduct by making improper statements during closing arguments.  Because Crook failed to make a timely, specific objection at trial, we review only for fundamental error. *See State v. Goudeau*, 239 Ariz. 421, 465, ¶ 192, 372 P.3d 945, 989 (2016). We will reverse a defendant's conviction only if:  (1) misconduct is present; and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict.  *Id.* at ¶ 193.  Crook bears the burden of proving the misconduct was "so pronounced and persistent that it permeate[d] the entire atmosphere of the trial."  *Id.* (quoting *State v. Morris*, 215 Ariz. 324, 335, ¶ 46, 160 P.3d 203, 214 (2007)).

II.     Prosecutorial Misconduct

¶9          Crook argues the State misstated the law by repeatedly indicating to the jury that Crook could have engaged in alternative conduct rather than using deadly force.  He asserts this error was fundamental because it went to the foundation of his defense.

¶10          "Counsel is given wide latitude in closing argument to comment on the evidence and argue all reasonable inferences from it." *State v. Moody*, 208 Ariz. 424, 464, ¶ 180, 94 P.3d 1119, 1159 (2004) (internal quotations omitted).   When determining whether an argument is misconduct, "we consider two factors:  (1) whether the prosecutor's statements called to the jury's attention matters it should not have considered in reaching its decision and (2) the probability that the jurors were in fact influenced by the remarks."  *State v. Nelson*, 229 Ariz. 180, 189 ¶ 39, 273 P.3d 632, 641 (2012).  We look at "the context in which the statements were made as well as the entire record and to the totality of the circumstances."  *Id.* (internal quotations omitted).  "We also address the cumulative effect of any misconduct."  *Goudeau*, 239 Ariz. at 465, ¶ 192, 372 P.3d at 989.

---

[3]     We cite the current version of relevant statutes unless revisions material to this decision have occurred since the events in question.

¶11　　　　We find no error.  The State did not misstate the law in any of its statements and did not call the jury's attention to matters it should not have considered in reaching its decision.  The State accurately stated that although Crook had no duty to retreat, the justification defense of using physical force for self-defense requires that "the force used may not be greater than reasonably necessary to defend against the apparent danger." Deadly physical force in self-defense is justified only when immediately necessary to protect against another's use of apparent attempted or threatened use of deadly physical force, as viewed by a reasonable person. A.R.S. § 13-405(A).  The fact that certain circumstances may warrant the use of deadly physical force presupposes that others do not.　The State's presentation urged jurors to find that the circumstances were such that deadly physical force was not apparent, attempted, nor threatened by J.S. and, therefore, Appellant was only justified in applying non-lethal self-defense mechanisms.  Although the State's suggestion that one of Crook's options was to fire his weapon in the air was misguided, it was not conduct that "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Goudeau*, 239 Ariz. at 465, ¶ 193, 372 P.3d at 989.  Furthermore, there is little probability the jurors were in fact influenced by the remarks because the State made its comments in the context of Crook's instructions and, as Crook acknowledges, the State clearly stated that Crook had no duty to retreat.  We conclude that none of the State's comments, taken alone or cumulatively, constituted prosecutorial misconduct.

¶12　　　　Furthermore, even if the State's conduct were somehow deemed to constitute error, it could not be fundamental error because, as Crook notes, the superior court properly instructed the jury as to self-defense and the use of deadly force; to follow the jury instructions in deciding the case; and not to view the attorneys' comments as evidence. *See State v. Anderson*, 210 Ariz. 327, 341-42, ¶¶ 49-52, 111 P.3d 369, 383-84 (2005) (holding State's misstatement of the law was not fundamental error because the superior court properly instructed the jury, indicated the instruction was the law that applied to the hearing, and instructed the jury that the lawyers' statements were not evidence).  No fundamental error occurred in this case.

## CONCLUSION

¶13 For the foregoing reasons, we affirm Crook's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED: AA